[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13844
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cr-60094-JIC-10

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BARBARA LEE,
a.k.a. Queen Flaka,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 7, 2021)

Before MARTIN, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Barbara Lee appeals the district court's order denying her motion for

compassionate release under the First Step Act. We affirm because Lee failed to exhaust her administrative remedies.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2015, Lee pleaded guilty to conspiring to violate the Racketeer Influenced and Corrupt Organizations Act and distributing cocaine. The district court sentenced Lee to 151 months' imprisonment.

On April 24, 2019, Lee moved for compassionate release under 18 U.S.C. section 3582(c)(1)(A)(i) because: (1) her parents were in poor health and her father needed her care; (2) she had changed for the better; (3) she was unlikely to reoffend given her age and non-violent history; and (4) she had successfully completed a drug abuse rehabilitation program. The government responded that the district court should deny Lee's motion because she never submitted a request to the warden seeking compassionate release and, therefore, didn't exhaust her administrative remedies.

The district court denied Lee's compassionate release motion because she failed to produce any evidence that she first submitted her request to the warden. The district court explained that section 3582(c)(1)(A) required Lee to submit a request to the warden, and wait thirty days for a response, before moving for compassionate release in the district court. See 18 U.S.C. § 3582(c)(1)(A) ("The court . . . upon motion of the defendant after the defendant has fully exhausted all

2

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . ."). Thus, the district court concluded that Lee had failed to exhaust her administrative remedies and denied her motion.

Lee moved the district court to reconsider, attaching a copy of an e-mail addressed to the warden, dated April 8, 2019, stating that Lee "would like to apply for compassionate release pursuant to section 3582" and citing her parents' health concerns and the need to care for her father. Lee said she submitted this email with her reply, but she explained her reply never reached the government or the court because of mail delays.

The district court denied Lee's motion for reconsideration. The district court concluded that her email request was "not sufficient to discharge [her] obligations under the statute" because the prison "ha[d] instituted a specific process through which inmates may apply for compassionate release which [Lee] did not follow." Even assuming Lee had complied with the prison's procedures, the district court found that her email request was deficient because it did not sufficiently describe her reasons for compassionate release and failed to provide a proposed release plan. See 28 C.F.R. § 571.61 ("The inmate's request shall at a minimum contain . . . [t]he extraordinary or compelling circumstances that the inmate believes warrant

consideration [and] [p]roposed release plans . . . .").  Finally, the district court found that even if Lee had complied with section 3582(c)(1)(A), her circumstances were not extraordinary or compelling and her criminal history did not merit a reduction of her sentence.

## STANDARD OF REVIEW

We review the denial of a compassionate release request for abuse of discretion.  United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021) (citing United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020)).  "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous."  Id. at 911–12 (quoting Cordoba v. DIRECTV, LLC, 942 F.3d 1259, 1267 (11th Cir. 2019)).  "[W]e review the district court's factual findings on the issue of exhaustion for clear error."  Whatley v. Smith, 898 F.3d 1072, 1082 (11th Cir. 2018).

## DISCUSSION

Section 3852(c) provides that a district court "may not modify a term of imprisonment once it has been imposed except" under limited circumstances.  18 U.S.C. § 3852(c).  One of those circumstances is known as "compassionate release," which is available "in any case" where:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of [thirty] days

4

> from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3353(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]

Id. § 3582(c)(1)(A)(i). The exhaustion requirement is "mandatory, in the sense that a court must enforce the rule if a party properly raises it . . . ." Harris, 989 F.3d at 911 (internal quotation marks omitted).

Lee argues that the district court erred by finding that she did not exhaust her administrative remedies because: (1) she submitted an initial request to the warden on March 10, 2019 asking him to "consider a reduction or modification of [her] sentence" based on her parents' poor health; (2) she sent an email to the warden on April 8, 2019 repeating that she "would like to apply for compassionate release" to care for her parents; and (3) the warden did not act on her request for more than thirty days and never told her that her request was incomplete. We, like the district court, conclude that Lee did not exhaust her administrative remedies.

As to Lee's March 10, 2019 request, she mentions it for the first time as an attachment to her initial brief. The attachment is not signed or dated by a prison official, as required by the request form. Even if it was, we can't consider the March 10, 2019 request because it was not part of the record before the district court. Fed. R. App. P. 10(a) (limiting the record on appeal to documents filed in the district court); see Selmon v. Cobb Cnty. Sch. Dist., 449 F.3d 1320, 1332 (11th Cir. 2006)

("In deciding issues on appeal we consider only evidence that was part of the record before the district court.").

As for Lee's April 8, 2019 request, she did not exhaust her administrative remedies because she didn't wait the required thirty days for a response from the warden before filing her compassionate release motion with the district court. See 18 U.S.C. 3582(c)(1)(A)(i). Lee filed her compassionate release motion on April 24, 2019, well short of the thirty days.[1]

Even if the March 10, 2019 request was in the record and Lee had waited thirty days after April 8, 2019 to file her compassionate release motion, her requests still did not exhaust her administrative remedies because the prison regulations required that Lee's requests include a proposed release plan and sufficiently explain the extraordinary or compelling reasons for her compassionate release. See 28 C.F.R. § 571.61(a). But Lee said only that she was seeking compassionate release because her parents were in poor health and her father needed her care—there was no detail and no release plan.

The district court did not err in finding that Lee failed to exhaust her administrative remedies, and it did not abuse its discretion in denying her

---

[1] Lee argues for the first time in her reply brief that she shouldn't be required to wait thirty days because "no inmate has ever been granted compassionate release at FCI-Tallahassee" and filing a formal request and waiting for the warden to respond would have been "futile." But arguments raised for the first time in a reply brief are waived. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("[W]e do not address arguments raised for the first time [even] in a pro se litigant's reply brief.").

compassionate release motion.  Accordingly, we **AFFIRM**.